## A. M. MARCH V. L. S. WILLIAMS.

### (No. 2813.)

APPEAL from Montague County.    Opinion by WHITE, P. J.

*(Transferred from Austin.)*

STEPHENS & HERBERT, counsel for appellant.

JAMESON & CHAMBERS and HUFF & BOWMAN, counsel for appellees.

§ 377. *Judgment must be based upon verdict; court cannot render judgment not warranted by verdict; case stated.* This cause was tried by a jury, and the verdict was for appellant, the plaintiff, for $462.90, and the court rendered judgment accordingly. Appellee made a motion for a new trial, which motion the court overruled. On the next day the court, of its own motion, virtually set aside the former judgment and the verdict, and rendered judgment for appellant for only $247.50, and from this second judgment appellant prosecutes this appeal. *Held:* " There can be no clearer principle than that when a jury has intervened, and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment. The court cannot look to the evidence on which the verdict was found in order to determine what judgment to render, but must look alone to the verdict." [Claiborne v. Tanner, 18 Tex. 69; Aikin v. Jefferson, 65 Tex. 137.] It is true that a court, ordinarily, has control over its judgments during the term; and not only the records during that time are subject to the revision of the court, but the judgment itself may be altered, revised, or revoked, as well as amended in respect to clerical errors and matters of form. [Freeman

on Judg. (3d ed.) § 69.] But the court cannot, after a judgment has been rendered upon the verdict of a jury, substitute it with an entirely different one in substance, as was done in this instance.

November 14, 1888.    Reversed and remanded.